Minute Order Form (06/97)

JS6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6112 | DATE | APRIL 4 , 2001 |
| **CASE TITLE** | U. S. ex rel. DONALD F. SAMS v. JAMES A. CHRANS, Warden | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Petition for writ of habeas corpus is denied. The Clerk of the Court is directed to enter judgment in favor of respondent and against petitioner denying the petition for writ of habeas corpus. If petitioner wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✔ | Notices mailed by judge's staff. | | APR 6 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | 15 | 12 |
| ✔ | AO Form 450 mailed by judge's staff | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/4/01 | |
| CW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mqm | |
| | | | mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
APR - 6 2001

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. DONALD F. SAMS,<br><br>     Petitioner,<br><br>     v.<br><br>JAMES A. CHRANS, Warden,<br><br>     Respondent. | No. 00 C 6112 |

## MEMORANDUM OPINION AND ORDER

As of October 15, 1993, petitioner Donald Sams was employed at a gasoline station that had a car wash. On that date, he attacked a female customer of the car wash. Sams bound the victim with duct tape, sexually assaulted her, plunged a wooden stick into her stomach, choked her until she became unconscious, punched her, and then left her locked in the trunk of her car. Sams was subsequently charged with attempted murder, aggravated kidnapping, and counts of aggravated criminal sexual assault. On December 30, 1993, Sams entered a blind plea as to attempted murder, aggravated kidnapping, and one count of criminal sexual assault. On January 7, 1994, Sams pleaded guilty pursuant to a plea agreement. Under the plea agreement, Sams

12

pleaded guilty to two additional counts of aggravated criminal sexual assault and the prosecution dropped all other charges. On February 1, 1994, consecutive sentences were imposed that totaled 72 years' confinement. After an initial remand requiring the sentencing court to consider Sams's motion for reconsideration, the sentencing court upheld the sentence.

On direct appeal, it was argued that the sentencing court abused its discretion by failing to consider mitigating evidence, including Sams's youth, the physical and sexual abuse he suffered as a child, and his rehabilitative potential. The Illinois Appellate Court upheld the sentence, People v. Sams, 282 Ill. App. 3d 1116, 707 N.E.2d 301 (2d Dist. 1996) (unpublished order), and the Illinois Supreme Court denied leave to appeal, People v. Sams, 171 Ill. 2d 580, 720 N.E.2d 970 (1997).

Proceeding pro se, Sams subsequently petitioned for post-conviction relief. He argued that (a) trial counsel were ineffective for failing to present mitigating evidence that his abuse of ephedrine, an over-the-counter dietary supplement, caused neurological side effects, including the delusion that the victim of his crime was the woman who had sexually abused him as a child;[1] (b) the sentences imposed were cruel and unusual

---

[1]Sams also referred to "new evidence" of recent studies concerning the effects of ephedrine and also appeared to be contending that counsel was ineffective for otherwise failing to adequately investigate his mental health.

punishment; and (c) his attorney on direct appeal provided ineffective assistance of counsel. The first claim was denied on the ground that trial counsel did indeed present the evidence that Sams claimed had not been presented and, alternatively, because any possible additional evidence did not have a reasonable probability of affecting his sentence. The second claim was denied on the ground that proportionality review is not required and the sentence was not excessive. The third claim was denied on the ground that appellate counsel's performance was not deficient nor was there any reasonable probability that the outcome of the appeal would have been different. People v. Sams, No. 93 CF 2189 (Cir. Ct. Lake Cy., Ill. Sept. 23, 1997).

Counsel was appointed to represent Sams in his appeal of the denial of post-conviction relief. The Illinois Appellate Court recognized the distinction between the claim based on ineffective assistance of counsel for failing to adequately investigate and pursue the ephedrine contention and the claim of newly discovered evidence regarding recent ephedrine research. It also recognized that Sams was contending that the effects of ephedrine prevented him from having the necessary mental state to support his convictions. The Illinois Appellate Court held that the newly discovered evidence claim would support a due process claim if it would show Sams was actually innocent. People v. Sams, No. 2-97-1069 at 4-5 (Ill. App. Ct. 2d Dist. May 18, 1999)

(unpublished order) ("Sams III"). It further held that the "evidence" supporting this claim[2] presented only a theory that might or might not be confirmed by further inquiry and thus did not adequately support actual innocence. Id. at 5-6. Allegations as to the effect of ephedrine were not sufficiently supported to require further inquiry or an evidentiary hearing. As to ineffective assistance, it was held that trial counsel's performance was not deficient because the alleged additional research regarding the possible effects of ephedrine was not available to counsel at the time of the plea and sentencing. Id. at 7-8. Also, similar to the newly discovered evidence claim, there was inadequate support that raising the ephedrine contention would have affected the outcome of Sams's case. Id. at 8. As to the other claims it was stated: "The remaining allegations in defendant's petition, those regarding claims of cruel and unusual punishment and ineffective assistance of counsel, are not argued on appeal and therefore need not be considered." Id.[3]

In his pro se petition for leave to appeal to the Illinois Supreme Court, Sams raised the same two issues that are

_____

[2]As part of his post-conviction petition, Sams had provided a U.S. News & World Report magazine article regarding recent ephedrine research. He also provided affidavits of his mother and sister regarding his abuse of ephedrine.

[3]Respondent does not provide a copy of the brief on appeal, only the Appellate Court's opinion.

discussed in the Sams III opinion.  He also asserted that he was

raising the issue of trial counsel's failure to otherwise

investigate his mental state before the plea, but essentially

made no argument in support of that point.  The Illinois Supreme

Court denied leave to appeal.  People v. Sams, 185 Ill. 2d 657,

720 N.E.2d 1103 (1999).

On October 2, 2000, Sams filed his federal habeas

corpus petition.  The grounds stated in that petition are as

follows:[4]  (1)(a) newly discovered evidence regarding ephedrine

may have rendered Sams incapable of forming the requisite

intent to be guilty of the crimes for which he was convicted;

(1)(b) ineffective assistance of trial counsel for failing to

adequately investigate and pursue the ephedrine issue both

before the plea and during sentencing; (1)(c) ineffective

assistance of trial counsel for failing to adequately

investigate and pursue other mental health issues both before

the plea and during sentencing; (2) ineffective assistance of

post-conviction appellate counsel; and (3) the sentences

constitute cruel and unusual punishment.

According to Sams's present allegations, prior to his

guilty plea, he informed his attorney that, at the time of his

offense, he had been drinking and taking ephedrine.  He also

---

[4]Ground one, actually contains three possible claims,
which will be referred to as 1(a), 1(b), and 1(c).

informed counsel that he saw his victim as having the face of the woman who had sexually abused him as a child.  In the state criminal proceeding, Sams was first examined by a clinical psychologist (Daniel Rybicki, Psy. D.) after he had already pleaded guilty.  The psychologist opined that, although Sams "was able to make some plans to calculate his offense, he was in such a state of reality distortion that he believed in part that he was getting even with the offender in his childhood.  The details of the offense mirrored the type of events that happened to Donald as a child, and the report given by Donald suggests that he was somewhat out of touch with reality during the course of the offense. . . .  Donald would not meet the criteria for a plea of not guilty by reason of insanity, but clearly his level of conscious awareness of his actions was limited."

Sams alleges that Dr. Rybicki did not ask him about his use of ephedrine and that counsel failed to inform Dr. Rybicki about that use.  Sams alleges that he gave his counsel enough information about his mental state and ephedrine use such that she should have investigated further prior to his entering a guilty plea.  He contends that she should have had him examined by a clinical psychologist prior to pleading guilty and that she should have investigated the effects of ephedrine.  Sams also contends that counsel should have requested a fitness hearing and that further investigation "may" have shown that he lacked the

mental state to commit the offenses to which he pleaded guilty. Sams's references to his post-conviction petition also imply that he continues to contend that counsel also inadequately raised these issues at sentencing. Sams further alleges that counsel advised against pursuing this avenue because it may have resulted in a finding that he be committed as a sexually dangerous person. The psychological examination conducted as part of the sentencing process, however, did not result in such a finding.

Citing People v. Washington, 171 Ill. 2d 475, 665 N.E.2d 1330, 1336 (1996), the Illinois Appellate Court held that Sams's newly discovered evidence claim was a due process claim. Washington, however, holds that a claim of actual innocence based on newly discovered evidence is a due process claim under the Illinois Constitution. Washington recognized that the United States Supreme Court had held otherwise regarding the United States Constitution. See id. at 1333-34 (citing Herrera v. Collins, 506 U.S. 390 (1993)). Sams's claim that the newly discovered evidence regarding ephedrine shows he was actually innocent is not cognizable as an independent claim in a federal habeas corpus petition. See Herrera, supra; Milone v. Camp, 22 F.3d 693, 699 (7th Cir. 1994), cert. denied, 513 U.S. 1076 (1995). See also United States v. Evans, 224 F.3d 670, 673-74 (7th Cir. 2000). Claim 1(a) does not state a basis for granting federal habeas corpus relief.

"To succeed on an ineffective assistance claim, a defendant must establish that his counsel's performance was constitutionally deficient, 'meaning that the performance fell below the legal profession's objective standards for reasonably effective representation' and that the deficiency prejudiced the defendant's defense, 'meaning that "there is a reasonable probability that but for [counsel's] unprofessional errors, the results of the proceedings would have been different."'" Anderson v. Sternes, ___ F.3d ___, 2001 WL 253135 *7 (7th Cir. March 15, 2001) (quoting United States ex rel. Partee v. Lane, 926 F.2d 694, 701 (7th Cir. 1991), cert. denied, 502 U.S. 1116 (1992) (quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984))). Accord Arango-Alvarez v. United States, 134 F.3d 888, 892 (7th Cir. 1998); United States v. Woolley, 123 F.3d 627, 635 (7th Cir. 1997). As to the pre-plea ineffective assistance, the prejudice prong can be satisfied by a showing of a reasonable probability that, if not for counsel's errors, Sams would not have accepted the plea that forms the basis of his conviction. Woolley, 123 F.3d at 635; McCleese v. United States, 75 F.3d 1174, 1179 (7th Cir. 1996). See also Paters v. United States, 159 F.3d 1043, 1047 (7th Cir. 1998). This requires, at least in part, objective evidence that Sams would not have accepted the plea offer, not just his representation that he would not have accepted it. McCleese, 75 F.3d at 1179; Nelson v. United States,

22 F. Supp. 2d 860, 864 (C.D. Ill. 1998); <u>United States v. Ramos</u>, 1998 WL 214737 *5 (N.D. Ill. April 27, 1998). <u>Cf.</u> <u>Paters</u>, 159 F.3d at 1046-47 (objective evidence that the defendant would have accepted a guilty plea instead of going to trial); <u>Toro v. Fairman</u>, 940 F.2d 1065, 1068 (7th Cir. 1991), <u>cert. denied</u>, 505 U.S. 1223 (1992) (same).

In support of his ephedrine claims, Sams provided a July 1997 magazine article reporting that, since 1993, the Food and Drug Administration had accumulated 800 reports of adverse reactions to ephedrine. Without any details, the magazine article states that the largest category of problems is cardiovascular problems and the second largest category is "neurological." The neurological category is stated to include "Psychiatric episodes (psychosis, suicidal impulses, depression); Seizure; Dizziness; Loss of consciousness." There is nothing to indicate that, during the November 1993 to February 1994 time period pertinent to Sams's plea and sentencing, a competent lawyer, or even a competent psychiatrist, would have been aware of the possible psychotic effects of ephedrine. Also, Sams does not allege how common psychotic reactions are. Even now, he alleges that ephedrine "<u>may</u> have rendered him psychotic at the time of the incident," not that it actually had such an effect. It was not deficient representation for counsel to fail to further investigate the effects of ephedrine or to fail to

mention to Dr. Rybicki that defendant had abused ephedrine. Alternatively, Claim 1(b) fails because it has not been shown that there is a reasonable probability that further investigating ephedrine would have resulted in a more favorable plea bargain or an acquittal at trial. As in the state courts, Sams does not allege that it is likely that further investigation of ephedrine's effects on him would have shown that he lacked the mental state to commit the crimes of which he was convicted. Sams has not pointed to sufficient objective evidence that he would not have entered into the plea that he accepted. Claim 1(b) does not state an adequate basis for proceeding further.

As to Claim 1(c), respondent contends it is waived for failing to raise it before the Illinois Appellate Court. The discussion in Sams III indicates that Sams (who was then represented by counsel) only raised ineffectiveness as regards the failure to investigate ephedrine, not the failure to otherwise investigate Sams's mental state. Respondent, however, has not provided the appellate brief that would show the facts and arguments actually presented to the Illinois Appellate Court. Also, even if procedurally defaulted, perhaps as to the pre-plea contentions, the claim would not be waived on the ground it shows Sams's actual innocence. However, it need not be decided if all or part of Claim 1(c) is waived because the claim otherwise fails on its merits.

Even assuming counsel's performance was deficient for failing to obtain a psychological evaluation before the plea, the allegations show there is no reasonable probability that the error would have affected the outcome. In his post-plea examination, Dr. Rybicki concluded that Sams had a limited conscious awareness during the commission of his crime. While Sams may have been confused as to who he was attacking, Dr. Rybicki's report does not support that Sams failed to understand that he was sexually assaulting a woman, punching her, and committing acts that could cause her to die. Also, Dr. Rybicki expressly opines that Sams was sane during the commission of the offenses. Such findings do not support that Sams's mental condition precluded the findings of intent necessary for the charged crimes. Cf. People v. Mocaby, 194 Ill. App. 3d 441, 551 N.E.2d 673, 677-78 (5th Dist. 1990). Therefore, there is no reasonable probability that a pre-plea examination would have produced different results that would have resulted in a different plea bargain or an acquittal at trial.

As to Sams's claim of failure to adequately investigate and raise at sentencing issues regarding Sams's mental state, the allegations support that counsel did indeed raise the issues and that the facts were before the court in the presentence report and Dr. Rybicki's report, even if Dr. Rybicki did not actually testify at the sentencing hearing. There is nothing to indicate

that Dr. Rybicki's live testimony would have a reasonable probability of resulting in a shorter sentence.

Claim 1(c) fails to state a basis for relief.

Claim 2 fails because there is no federal constitutional right to effective assistance of counsel during an Illinois post-conviction proceeding. Howard v. O'Sullivan, 185 F.3d 721, 725 (7th Cir. 1999); Steward v. Gilmore, 80 F.3d 1205, 1212 (7th Cir. 1996). Also, such a claim is expressly excluded as being a basis for relief under the federal habeas corpus statute. 28 U.S.C. § 2254(i).

Last, Sams's 72-year sentence for an especially brutal assault and attempted murder is not a basis for habeas corpus relief based on the sentence constituting cruel and unusual punishment in violation of the Eighth Amendment. See Bocian v. Godinez, 101 F.3d 465, 472-73 (7th Cir. 1996); Marsh v. Gilmore, 52 F. Supp. 2d 925, 928-30 (C.D. Ill. 1999); Edens v. Cooper, 1998 WL 483503 *5 (N.D. Ill. Aug. 11, 1998). Claim 3 does not state a basis for federal habeas corpus relief.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied. The Clerk of the Court is directed to enter judgment in favor of respondent and against petitioner denying the petition for writ of habeas corpus. If petitioner wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with

the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED:    APRIL  4 , 2001